816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bert SPEARS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3332.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Bert Spears seeks review of the Benefits Review Board's decision upholding the administrative law judge's February 1984 denial of black lung benefits. The ALJ invoked the interim presumption of pneumoconiosis under 20 C.F.R. Sec. 727.203(a) on the basis of an x-ray. The ALJ then found the presumption rebutted under 20 C.F.R. Sec. 727.203(b)(3). The ALJ cited Jones v. New River Coal Co., 3 Black Lung Rep. 1-199 (1981), and relied on Dr. Paul Bell's testimony that Spears' disability
 
 
 2
 is not related to his coal mine employment. While [Dr. Bell's] report is far from detailed, he nevertheless bases his opinion on a physical examination of the Claimant. Further, Dr. Bell finds that the Claimant's total disability is due to a back problem, rather than from his respiratory condition.
 
 
 3
 In Jones the Board held that the interim presumption could be rebutted if disability did not arise in whole from mine employment. Thus, Jones struck the term "in whole or in part" from subsection (b)(3)'s provision for rebuttal when the disability "did not arise in whole or in part out of coal mine employment." This court reversed Jones and held that the interim presumption is rebutted only when mine employment played no part in the disability. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1115, 1120 (Nov. 26, 1984), cert. denied, 471 U.S. 1116 (1985).
 
 
 4
 Spears asks us to vacate the decisions below because the ALJ considered the rebuttal evidence in light of Jones, which still controlled at the time of the ALJ's decision. The government argues that the ALJ's finding satisfies Gibas, because Bell answered "no" to the question, "In your opinion is the diagnosed condition related to dust exposure in the patient's coal mine employment?" Spears also argues that the ALJ should have disregarded Bell's conclusion because Bell stated no basis for it and did not state where, other than mine employment, claimant's respiratory condition originated; Bell reported that Spears "has never been a cigarette smoker and has had no other work involving exposure to dusts."
 
 
 5
 We are unable confidently to conclude, as the government would have us, that the ALJ would have denied benefits had he decided the case in the light of Gibbs v. Saginaw Mining Co., supra.
 
 
 6
 Accordingly, the order of the Board denying benefits is VACATED and the cause REMANDED for reopening and reconsideration in light of Gibas.